UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD GUERRIER,

                Plaintiff,                Civil Action No. 1:22-cv-02283 (JMC)

    v.

UNITED STATES OF AMERICA, *et al.*,

                Defendants.

## MEMORANDUM OPINION

Plaintiff Gerald Guerrier sued the United States and an unnamed employee for allegedly misreporting in the FBI's National Instant Criminal Background Check System that he used controlled substances.[1] The United States filed a Motion to Dismiss the claims against it. The Court grants that Motion.

**I.**     **BACKGROUND**

Gerald Guerrier was arrested and charged with driving under the influence in November 2019. ECF 1 ¶ 8. At the time, Guerrier worked for Booz Allen and Hamilton as a systems contractor. *Id.* His job required him to maintain a Top Secret security clearance and work in a secure facility for the FBI. *Id.* Guerrier notified his employer and the FBI about his arrest, and neither organization indicated that the arrest would impact Guerrier's employment. *Id.* ¶¶ 10–11.

On December 11, 2019, Guerrier took a drug test as a condition of release after his arrest. *Id.* ¶¶ 9, 12. Guerrier tested positive for amphetamine because he took Adderall XR, which was

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

prescribed to him with a valid prescription. *Id.* ¶ 12. Guerrier provided a copy of his prescription to the Pretrial Services Agency of the District of Columbia (PSA), and a PSA employee assured Guerrier that the positive result would not be an issue. *Id.* ¶¶ 12–13. Guerrier later took two additional drug tests on December 18, 2019, and January 8, 2020. *Id.* ¶ 14. Neither returned a positive result. *Id.*

Guerrier alleges that a United States employee "erroneously and negligently" submitted his name to the FBI's National Instant Criminal Background Check System (NICS) and identified Guerrier as an "unlawful user/addicted to a controlled substance." *Id.* ¶ 15. Guerrier contends that his name should not have been submitted to NICS because he never failed a drug test. *Id.* ¶¶ 16–17. He supports his claim with a letter from the PSA asserting that the PSA's records "do not show that [Guerrier] failed any drug test" and that "[his] name should not have been submitted to the FBI." *Id.*

Guerrier further alleges that he was terminated from his job because of his inclusion in the NICS as a controlled substance user. *Id.* ¶¶ 18–19. The misinformation also impaired Guerrier's ability to find a new job after his termination. *Id.* ¶¶ 21–22, 27. Guerrier alleges that he received employment offers from Amazon Web Services and Boeing, but had both offers rescinded after the companies discovered that Guerrier was listed as a controlled substance user in NICS. *Id.* ¶¶ 21–22.

Guerrier sued the United States of America and the employee who entered the misinformation into NICS. *See generally* ECF 1. He brought negligence and intentional infliction of emotional distress claims against the United States, and a Due Process Clause claim against the unnamed employee. *Id.* ¶¶ 31–42. Guerrier seeks damages, claiming that he has suffered a loss of income, a loss of employment opportunities, and severe emotional anguish. *Id.* ¶¶ 30, 34, 38, 42.

The United States filed a Motion to Dismiss. ECF 7. It argues that the claims against the United States are barred by the Federal Tort Claims Act (FTCA), and that this Court lacks subject matter jurisdiction as to the Due Process claim brought against the unnamed employee (insofar as those claims are brought against the employee in their official capacity). *See generally id.* Guerrier responded, ECF 9, and the United States replied, ECF 11.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and it is therefore "presumed that a cause lies outside this limited jurisdiction" unless a party demonstrates that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiffs bear the burden of proving by a preponderance of the evidence that a court has subject matter jurisdiction if a defendant files a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *Masoud v. Suliman*, 816 F. Supp. 2d 77, 79 (D.D.C. 2011); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When deciding a motion to dismiss for lack of subject matter jurisdiction, a court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), but courts are "not required . . . to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

## III.   ANALYSIS

Guerrier's Complaint includes two claims against the United States: one alleging negligence, and one alleging intentional infliction of emotional distress. ECF 1 ¶¶ 31–38. The United States argues that both claims are barred by the FTCA. The Court agrees.

The FTCA waives the United States' sovereign immunity for certain types of tort claims. *Kugel v. United States*, 947 F.2d 1504, 1506 (D.C. Cir. 1991). For example, it waives the government's immunity with respect to injuries caused by the "negligent or wrongful act or

omission of a government employee acting within the scope of employment." 28 U.S.C. § 1346(b)(1). But it does not waive immunity for claims "arising out of . . . libel, slander [or] misrepresentation." 28 U.S.C. § 2680(h). So whether this Court has subject matter jurisdiction over Guerrier's claims against the United States depends on the nature of those claims. To answer this question, the Court looks past the label that Guerrier applies to his claim, and instead considers "[t]he government conduct that is alleged to have caused the injury." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35–36 (D.D.C. 2006) (citing *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991)). Plaintiffs sometimes try to circumvent the FTCA's jurisdictional bar by recasting misrepresentation or defamation claims as a negligence claim. Courts in this district have routinely denied attempts to do so. *See Smalls v. Emanuel*, 840 F. Supp. 2d 23, 33–34 (D.D.C. 2012) (collecting cases).

  Guerrier argues that he adequately pleaded a negligence claim by alleging each of the elements in his Complaint. *See* ECF 9 at 2–4. But even assuming that to be true, it does not change the fact that Guerrier is alleging that a United States employee negligently misreported information in the NICS. ECF 1 ¶ 16 ("Defendant Doe erroneously and negligently submitted Mr. Guerrier's name to NICS as an unlawful user of controlled substances even though both Defendant Doe and the PSA knew that Mr. Guerrier had never actually failed a drug test."). The FTCA bars claims alleging misrepresentation of information, regardless of whether the misrepresentation is done intentionally or negligently. *Marcus v. Geithner*, 813 F. Supp. 2d 11, 16 (D.D.C. 2011) (citing *Block v. Neal*, 460 U.S. 289, 296 (1983)). Because the FTCA bars Guerrier's claims against the United States, the Court does not have subject matter jurisdiction over those claims, and therefore grants the United States' Motion to Dismiss as to both of those claims.

Guerrier also brings a Due Process claim against an unnamed employee of the United States who allegedly input the erroneous information into NICS. ECF 1 ¶¶ 39–42. Guerrier's Complaint does not explicitly state whether he meant to bring this claim against the John Doe Defendant in their personal or official capacity, but to the extent that Guerrier intended to sue the employee in their official capacity, the Court grants the United States' Motion to Dismiss for the same reasons. An official-capacity suit is "treated as a suit against the entity" itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). So the same FTCA reasoning that barred Guerrier's claims against the United States also bars the claim against John Doe. Although this claim alleges a Due Process violation (rather than a common law tort claim), the premise for the claim is still misrepresentation. And, as discussed earlier, the FTCA bars misrepresentation claims even when they are labeled as something else.

### IV. CONCLUSION

For the reasons stated above, Guerrier's claims against the United States and John Doe, insofar as John Doe is sued in their official capacity, are dismissed. An accompanying Order will so indicate.

DATE: April 25, 2022

_____<br>
Jia M. Cobb<br>
U.S. District Court Judge